[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 03, 2008
THOMAS K. KAHN
CLERK

No. 07-15917
Non-Argument Calendar

_____

D. C. Docket No. 06-00026-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRENTIS HENDRIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 3, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Brentis Hendrix appeals his 144-month sentence after pleading

guilty to conspiracy to possess with intent to distribute and to distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. § 2. On appeal, he first argues that the court erred by failing to depart downward under the Guidelines on the ground that his criminal history was substantially over-represented. Second, he argues that his sentence was unreasonable because: application of the career offender enhancement was "arbitrary"; the court did not adequately consider his substantial-assistance efforts; the court did not adequately consider his family support, educational background, and drug addiction; the court imposed a sentence greater than necessary by making his sentence run consecutively to a sentence imposed in connection with the revocation of his parole; and the court gave the Guidelines too much weight.

## I.   *Downward Departure*

We lack "jurisdiction to review a sentencing judge's denial of a downward departure unless it was made based upon belief that he or she did not possess the discretionary authority to depart downward." *United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001); *accord United States v. Calderon*, 127 F.3d 1314, 1342 (11th Cir. 1997) (refusing to review the denial of a downward departure where there was nothing to indicate that the court misapprehended the scope of its authority).

After reviewing the record and reading the parties' briefs, we conclude that we lack jurisdiction to consider Hendrix's argument that the court erred by failing to depart under U.S.S.G. § 4A1.3(b) because there is nothing in the record to indicate that the court believed that it lacked the authority to depart. In addition, Hendrix does not sufficiently argue on appeal that the court erred by failing to depart downward under U.S.S.G. § 5K2.0, and, therefore, has abandoned the issue. *See United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2446 (2007).

## II.    *Reasonableness*

We review a defendant's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. __, __, __, __, 128 S. Ct. 586, 591, 594, 597, 169 L. Ed. 2d 445 (2007); *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at __, 128 S. Ct. at 596. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely, to reflect the seriousness of the offense, promote respect for

3

the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

It is sufficient for the district court to acknowledge that it has considered the § 3553(a) factors, but it need not explicitly discuss each of them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). After considering the § 3553(a) factors, the court "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. __, 128 S. Ct. at 597. We have recognized that "there is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude from the record that the district court did not abuse its discretion in this case because it considered the § 3553(a) factors, conducted an individualized analysis of Hendrix's personal history and characteristics, and did

4

not give the Guidelines too much weight. Hendrix has provided no authority to support his arguments that his sentence was unreasonable on the grounds that the career offender guideline was "arbitrary," the court did not adequately consider his substantial-assistance efforts, and the court did not adequately consider his pending state parole revocation. Accordingly, we affirm Hendrix's sentence.

**AFFIRMED.**